In the matter of the guardianship of ALFRED J. FLINN, a minor.

It is no proof of waste, in a proceeding to remove a guardian who is personally responsible, that he has incurred liability to pay counsel fees in a controversy over his management of the ward's property, since such fees, if unlawful or unnecessary, may be disallowed in his account; nor, that he has paid reasonable commissions to a broker for renting and collecting the rent of his ward's real estate.

On appeal from the decree of the Mercer orphans court.

Flinn's Case.

*Mr. W. D. Holt*, for appellant.

*Mr. I. W. Lanning*, for respondent.

THE ORDINARY.

Alice Flinn, step-mother of Alfred J. Flinn, the minor, filed her petition in the Mercer orphans court, stating her belief that Michael Flinn, the guardian of Alfred, who was appointed by that court, was wasting and mismanaging the estate of the minor, whereby the latter might come to loss, and she thereupon prayed that the guardian might be removed and the letters of guardianship issued to him revoked, and some suitable person appointed in his stead. On this petition a rule to show cause was granted, under which testimony was taken, and on the 29th of July, 1878, an order was made by which it was recited that the court was satisfied that the allegations of the petition were true, and it was thereupon ordered and decreed that the letters of guardianship issued to Michael Flinn be annulled, and that letters of guardianship of the minor be issued to Lewis H. Van Horn, of the city of Trenton. From this decree Michael Flinn appealed to this court. It appears, by the testimony taken in the court below, that Patrick Flinn, the father of the minor, died in 1874, leaving a small house and lot in the city of Trenton; that the petitioner was his second wife; that, after the death of Patrick Flinn, his widow continued to occupy the property, taking care of the child up to the 26th of March, 1878, the occupation of a part of the property and the rent which she received from the rest, being regarded and accepted by her as satisfaction for the board and lodging of the boy, and her care and attention to him. It appears that a difficulty arose between her and the guardian in respect to the custody of the child, who is now thirteen years old. It resulted in her leaving the premises, taking with her the boy, whom she still keeps, and the guardian taking possession of the property. The application to remove the guardian grew out of this difficulty. It will

be seen that the ground stated in the petition is the wasting and mismanaging of the estate of the minor. The evidence falls very far short of establishing it. The guardian appears to have set about making certain repairs to the property after Mrs. Flinn left it. He introduced the water from the water-works, papered one or more of the rooms, and he soon after, through an agent, rented the premises to a tenant at thirteen dollars a month. It appears that he agreed to pay the agent ten per cent. for renting the premises and collecting the rents. It is also charged, that he has incurred, in the controversies between him and the petitioner, considerable legal expenses which were unnecessary. It is also said, that he has failed to file his inventory as by law he was required to do, and that it appears that he has not invested, but has used in his own business, a small sum of money belonging to his ward. He appears to be abundantly able to account for and to pay over the money on demand. He declares his willingness to take the boy, and support him free of charge, in his own family, caring for him as his own son. He is the brother of the boy's father, and his wife is the sister of the boy's mother. On the other hand, the petitioner, the boy's step-mother, declares her willingness also to take charge of the boy, and, if permitted to have the use and rents of the house, to provide for the boy.

The sole question before the court was, whether the guardian was wasting and mismanaging the estate of the ward, and not, whether it would be more desirable that his step-mother should continue to have the possession of, and care for him, and, in consideration thereof, have the use of the property. The guardian is, by law, guardian of the person as well as of the property of the ward.

The fact that the guardian desired to obtain possession of the boy was obviously no reason for the action of the court. For any failure on his part to discharge the duties required of him by law in respect of accounting for the estate of the ward, he is amenable to the law, and, for cause, may be removed on that account. But I have looked in vain in this

evidence for proof that he has been guilty of that with which he is charged in the petition, and for which he was upon trial before the court.   That he has incurred liability to pay counsel fees in the controversies between him and the petitioner, is no evidence of waste.   Those fees will not be allowed in his account against the minor, if they are not lawful, and were not reasonably necessary.   And so, too, in regard to the commissions for letting the property and collecting the rent, and the work done to the property.   The charges for them will be subject to the scrutiny of the court.

The decree of the orphans court will be reversed.